# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OHIO
# NORTHERN DIVISION

| | |
|---|---|
| **ALBERT KING**, | ) Case No. 3:22-CV-00366 |
| Plaintiff, | ) Judge Jeffrey J. Helmick |
| -vs- | ) **DEFENDANT'S ANSWER AND** |
| **PENSKE COLLISION**[1], | ) **JURY DEMAND** |
| Defendant. | ) |

\*   \*   \*

For its Answer to the Complaint filed by Albert King ("Plaintiff"), Defendant, Penske Truck Leasing Co., L.P. ("Penske"), improperly identified in the Complaint as "Penske Collision" states as follows:

1. Denies that Plaintiff was employed by "Penske Collision" but admits the remaining averments in paragraph 1 of the Complaint.

2. Admits the averments in paragraph 2 of the Complaint.

3. Admits that Plaintiff was employed on or about January 19, 2021 as a collision technician II but denies that the averments in paragraph 3 fully and accurately describe his job duties while employed at Penske.

4. Denies the averments in paragraph 4 of the Complaint.

5. Denies the averments in paragraph 5 of the Complaint.

6. Denies the averments in paragraph 6 of the Complaint.

7. Denies the averments in paragraph 7 of the Complaint.

---

[1] Plaintiff improperly named "Penske Collision" as a defendant in this case.  The proper defendant named should be Penske Truck Leasing Co., L.P.

8. Denies the averments in paragraph 8 of the Complaint.

9. Denies the averments in paragraph 9 of the Complaint.

10. Denies the averments in paragraph 10 of the Complaint.

11. Denies the averments in paragraph 10a of the Complaint.

12. Denies the averments in paragraph 10b of the Complaint.

13. Denies the averments in paragraph 10c of the Complaint.

14. Denies the averments in paragraph 10d of the Complaint.

15. Denies the averments in paragraph 10e of the Complaint.

16. Denies the averments in paragraph 10f of the Complaint.

17. Denies the averments in paragraph 10g of the Complaint.

18. Denies the averments in paragraph 10h of the Complaint.

19. The averments in paragraph 11 contain legal conclusions to which no response is required. To the extent this Court construes paragraph 11 as requiring a response, Penske admits only that Plaintiff purports to assert claims under O.R.C. 4112.02 but Penske adamantly denies any and all liability in this case.

**AFFIRMATIVE DEFENSES**

20. Penske denies any and all averments not expressly admitted herein.

21. Plaintiff has failed to state a claim upon which relief may be granted.

22. Penske had legitimate, non-discriminatory, non-pretextual reasons to terminate Plaintiff's employment.

23. Plaintiff is estopped from pursuing his claims by reason of his own actions that caused and/or contributed to the damage that he now claims.

24. Plaintiff has failed to mitigate his damages.

25. Plaintiff did not make any formal complaint of discrimination nor follow applicable policies for doing so.

26. Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver, laches, unclean hands and/or estoppel.

27. Plaintiff's claims are barred by the doctrine of after acquired evidence.

28. Plaintiff has failed to exhaust all administrative remedies required in order to pursue his claim.

29. Plaintiff's claims should be dismissed to the extent that they were not set forth in any administrative charge and/or were filed outside the administrative time period.

30. Plaintiff has failed to comply with the threshold requirements for filing a claim under O.R.C §4112.

31. Plaintiff was an at-will employee.

32. Plaintiff's claims are barred by the applicable statute of limitations.

33. Plaintiff's claims for punitive damages are barred by Penske's adoption, publication and enforcement of a policy against discrimination of the type alleged in the Complaint, and because Penske's actions with respect to Plaintiff have in all respects been lawful and do not demonstrate willful misconduct, malice, fraud, wantonness, oppression or that entire want of care.

34. Penske has not engaged in any discriminatory practices with malice or reckless indifference to Plaintiff's rights. Therefore, as a matter of law, Plaintiff is not entitled to punitive damages based on the allegations and claims asserted herein.

35. Plaintiff has failed to plead facts sufficient to support punitive damages.

36. Plaintiff has failed to join all necessary and indispensable parties and has improperly named "Penske Collision" an entity that never employed Plaintiff.

37. Penske reserves the right to amend its Answer to add additional defenses as discovery continues.

**WHEREFORE,** Defendant Penske Truck Leasing Co., L.P. respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Defendant its reasonable attorneys' fees in responding to the Complaint, as well as all other relief that this Court deems just and equitable.

*/s/ Rebecca E. Shope*
Rebecca E. Shope (0083942)
**Shumaker, Loop & Kendrick, LLP**
1000 Jackson Street
Toledo, Ohio 43604-5573
Telephone: (419) 241-9000
Fax: (419) 241-6894
E-mail: rshope@shumaker.com
*Attorneys for Defendant*

### JURY DEMAND

Defendant demands a jury trial on all issues triable by a jury.

*/s/ Rebecca E. Shope*
Rebecca E. Shope (0083942)
**Shumaker, Loop & Kendrick, LLP**
1000 Jackson Street
Toledo, Ohio 43604-5573
Telephone: (419) 241-9000
Fax: (419) 241-6894
E-mail: rshope@shumaker.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of March, 2022, a copy of the foregoing has been filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> */s/ Rebecca E. Shope*
> Rebecca E. Shope (0083942)
> **Shumaker, Loop & Kendrick, LLP**
> *Attorneys for Defendant*